United States District Court
Southern District of Texas
**ENTERED**
August 27, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 829 YALE HOLDINGS, INC., d/b/a STEADFAST 829 YALE HOLDINGS, INC., | § § § § | CONSOLIDATED CIVIL ACTION No. 4:24-cv-0404 |
| Plaintiff, | § § | & |
| v. | § § | No. 2:23-cv-0188 |
| DAVID ALVAREZ, et al., | § § § | & |
| Defendants. | § | No. 2:24-cv-0026 |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are motions for entry of final judgment filed by defendant Lloyd E. Kelley (Docket Entry No. 151); for dismissal under Federal Rule of Civil Procedure 41(b) filed by defendants Bradley S. Parker, Michelle M. Fraga, Nicholas Fugedi, as Trustee, Nicholas Fugedi, Individually, Lloyd Kelley, Carb Pura Vida, LLC, and Pa Be Shan Castle, LLC (Docket Entry No. 153); and for entry of judgment filed by defendants Bradley S. Parker, Terry Fisher, Michelle M. Fraga, and Margaret Parker (Docket Entry No. 155). Plaintiff has not responded to the motions, and the motions are deemed unopposed under LR 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

The motions are **GRANTED** and this consolidated case is **DISMISSED WITHOUT PREJUDICE** for the reasons that follow.

## I. BACKGROUND

On March 6, 2025, the Court granted the motion filed by Rodney L. Drinnon on behalf of himself, McCathern Houston, and all attorneys, partners, or employees of McCathern Houston, for leave to withdraw as counsel of record for plaintiff 829 Yale Holdings, Inc., d/b/a Steadfast 829 Yale Holdings, Inc. (Docket Entry No. 144.) Because plaintiff is a corporation, the Court ordered plaintiff to retain new counsel and to direct new counsel to make an appearance of record within thirty days. The Court ordered Drinnon to serve a copy of the order granting leave to withdraw on the corporate representative for plaintiff within ten days from date of the order, and warned plaintiff that its failure to retain new counsel of record within thirty days may result in dismissal of the lawsuit for failure to prosecute.

Drinnon timely and properly served a copy of the order on plaintiff's corporate representatives, Marc Sherrin (President of the corporation) and Keith Hruby (Director of the corporation). (Docket Entry No. 145.) No new counsel of record made an appearance on behalf of plaintiff. However, on April 28, 2025, Marc Sherrin, in his capacity as plaintiff's president, submitted a letter to the Court stating that they were diligently seeking new counsel and requesting a 45-day extension of time to retain counsel. (Docket Entry No. 146.) Over opposition by the defendants, the Court granted the extension and ordered plaintiff to retain new counsel of record by June 9, 2025. (Docket Entry No. 150.)

No new counsel of record made an appearance on behalf of plaintiff, and Marc Sherrin had no further communication with the Court. On June 16, 2025, the Court entered

a follow-up order warning Marc Sherrin and Keith Hruby that if new counsel did not make an appearance of record on behalf of plaintiff within ten days, the Court would take any and all judicial action it deemed necessary to move the case forward to final resolution. (Docket Entry No. 152.)

Despite Marc Sherrin's assertions on April 25, 2025, that they were diligently seeking new counsel and hoped to retain new counsel within 45 days, no new counsel of record has made an appearance on behalf of plaintiff. Neither Marc Sherrin, Keith Hruby, or any other individual acting on behalf of plaintiff has contacted the Court regarding any need for an additional extension of time. Plaintiff has not obtained new counsel of record, and plaintiff cannot proceed forward with this lawsuit absent counsel of record.

It has also been brought to the Court's attention that on April 8, 2025, the First Court of Appeals in Houston, Texas, issued mandate dismissing an appeal filed by plaintiff 829 Yale Holdings, Inc., d/b/a Steadfast 829 Yale Holdings, Inc., for plaintiff's failure to prosecute the appeal. (Docket Entry No. 153.) The appeal and underlying state district court case involved defendants in the instant lawsuit. *See 829 Yale Holdings, Inc., d/b/a Steadfast 829 Yale Holdings, Inc. v. 2017 Yale Development, LLC, Nicholas Fugedi, 2017 Yale Development GP, LLC, and D&A Alvarez Group, LLC*, No. 01-23-00761-CV (Tex. App. – Houston [1st Dist.] Apr. 8, 2025). Rodney L. Drinnon requested and was granted leave to withdraw as counsel of record for appellant 829 Yale Holdings, Inc., d/b/a Steadfast 829

Yale Holdings, Inc., in the appeal and the corporation failed to retain new counsel of record to prosecute the appeal.

## II. ANALYSIS

The clear rule in this circuit is "that a corporation as a fictional legal person can only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). Plaintiff cannot prosecute this lawsuit absent representation by counsel of record and, despite being given reasonable and ample time to do so, has failed to comply with the Court's orders to retain counsel of record.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Although the rule speaks in terms of a motion to dismiss, the Court possesses inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). It is unnecessary for the Court to dismiss this case *sua sponte*, however, as the defendants have moved to dismiss under Rule 41(b) for plaintiff's failure to prosecute.

In appropriate cases, dismissal for want of prosecution is essential to the administration of justice; the Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. As explained in *Link*,

the availability of a dismissal sanction "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the courts. *Id.* at 630–31. The rule further provides that "[u]nless the dismissal order states otherwise," a Rule 41(b) dismissal "operates as an adjudication on the merits." FED. R. CIV. P. 41(b). This authority stems from the "court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985).

In this case, despite the Court's repeated orders and its granting of corporate representative Marc Sherrin's request for an extension of time, plaintiff has failed to retain counsel. Because plaintiff is a corporation and cannot proceed without counsel, its repeated failures to comply with the Court's orders to retain counsel justify dismissal without prejudice under Rule 41(b) for failure to prosecute and to comply with the Court's orders. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873–74 (5th Cir. 2004) (finding dismissal without prejudice appropriate for corporation's failure to retain counsel).

### III. CONCLUSION

For the above reasons, the unopposed motions for entry of final judgment (Docket Entry No. 151); for dismissal under Federal Rule of Civil Procedure 41(b) (Docket Entry No. 153); and for entry of judgment (Docket Entry No. 155) are **GRANTED**. This lawsuit is **DISMISSED WITHOUT PREJUDICE.**

Any and all other pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the ___27th___ day of ___August___, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE